UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | CR Nº: 1:08-cr-00191 (RMC) |
| JOSEPH XIE, | |
| Defendant. | |

**MOTION TO VACATE TRAVEL RESTRICTIONS**

**COMES NOW**, Joseph Xie, by and through his counsel of record, to request this Honorable Court to vacate the travel restrictions imposed as a condition of his release and permit the defendant to travel to China for business purposes. Mr. Xie will, if permitted, be absent from this Court's jurisdiction for approximately one week. In support of this request, the defendant would state as follows:

1. On August 1, 2008, Mr. Xie was arraigned and entered a plea of guilty to violations of Title 16 U.S.C. Sections 3372(a)(1) and 3373(d)(2), and Title 18, United States Code, Sections 541, 542 and 545 and Title 21 United States Code Sections 331(c), 333(c)(2), and 343(a)(1) to purchasing, importing and selling, *Pangasius hypophthalmus*, commonly known as *basa* or Vietnamese catfish, falsely labeled as *sole* or *basa sole fillet* to avoid tariff and antidumping duties[1]. In ichthyological terminology, Mr. Xie's participation, on behalf of his employer, in this large

---

[1] *Pangasius* species imported from Vietnam are subject to an anti-dumping duty of up to 63.88%. *Sole* is not subject to any anti-dumping duties.

maritime conspiracy is as an anchovy[2] is to a whale shark[3].

2. On February 9, 2006 or two years and seven months ago, Mr. Xie was interviewed by DEA Agent Richard Bacherman and NOAA Agent Michael Henry at Xie's place of employment, Nautical Bay Seafood in New Bedford, Massachusetts. Despite the agents' inadvertent omission of Miranda warnings, Mr. Xie, nevertheless proceeded to incriminate himself in an effort to be forthcoming.

3. On September 13, 2007, the interview results were made manifest: Mr. Xie was facing an inchoate charge which would have resulted in a 78-97 month imprisonment and a fine between $12,500 and $125,000.

4. In his decision to cut bait; he hired undersigned counsel. During the two and one-half years this case has been in existence, Mr. Xie has traveled to Washington, D.C. three times: two for debriefing and once for his plea. All of this time, Mr. Xie has owned a passport, all of this time, Mr. Xie could have left this country, never to return. He did not.

5. Mr. Xie is now employed by Crown Ocean International, Inc., located in south China in Guangxi province. The company sells scallops and Tilapia. He is required by his employer to travel to China to attend the new Tilapia processing factory opening on August 21, 2008. He would, if permitted, leave the US on August 18, 2008, travel to Hong Kong to obtain a visa to enter China. He would arrive in Hong Kong on the 19th, get a visa for the 20th, and depart to Nanning City in Guangxi province. He would attend the opening of the plant, get some briefings from his employer concerning the sale of Tilapia and return to Hong Kong on August 24, 2008 with a return to the

---

[2] a small fish of the herring family, with a strong flavor.

[3] The whale shark is the largest living cartilaginous fish, of the order *Orectolobiformes*, verified in size at up to 13.6 m (45 ft) long and 22 tons (44,000 lb).

United States on August 25, 2008. He would be absent for one week.

6. He has provided the cell telephone number for Mr. Hong, the plant manager: 011-86-13702876181, his on cell number at 011-86-13533092533 and will have his notebook computer with him and will check e-mails often. He can also send a daily e-mail to whomever the Court wishes.

7. He has made his airline reservations in an effort to insure his passage, if permitted to travel. Undersigned counsel has retained Mr. Xie's passport as ordered by the Court. Therefore, time is of the essence if counsel is to Federal Express his passport to Mr. Xie in time for his departure.

8. Suffice it to state that there have been many opportunities for Mr. Xie to jump ship prior to this. There is simply no reason for him to do so now. He has been cooperative since his initial interview, he will testify at the whale shark's trial in an effort to get his 5K motion.

WHEREFORE based upon the forgoing, Mr. Xie requests the Court grant this motion for his business trip to China for a week commencing August 18, 2008 to return to the United States on August 25, 2008. The defendant has provided an Order to effectuate this action, if approved.

Respectfully submitted,

_____
Jensen E. Barber II
DC Unified Bar No. 376325
400 7th Street, N.W. Suite 400
Washington, D.C. 20004-2242
(202) 737-8511
*Counsel for Joseph Xie*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 13, 2008, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the attorneys of record in the above-captioned case.

_____/s/_____
Jensen E. Barber II

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

vs.  C Nº: 1:08-cr-00191 (RMC)

*JOSEPH XIE*
**Defendant**

### ORDER

Upon consideration of Defendant Xie's *Motion to Vacate Travel Restrictions* and any response thereto, it is this ____ day of August 2008, hereby,

**ORDERED** that the requested relief is **GRANTED and it is further,**

**ORDERED that Mr. Xie shall call the Probation Department every two days during his absence and return his passport to counsel within one week of his return to the United States**

SO ORDERED.

_____
THE HONORABLE ROSEMARY M. COLLYER
UNITED STATES DISTRICT COURT JUDGE